May it please the Court, my name is Judy Flanagan. I represent Eliseo Hernández-Martinez, who is the appellant in this matter, and I would like to reserve two minutes for rebuttal. Fine. The question before this Court is whether a conviction for driving under the influence of alcohol when one's driver's license is suspended is a crime involving moral turpitude under the Immigration and Nationality Act. The answer is no. Mr. Hernández-Martinez is asking the Court to overturn the 1999 Board of Immigration Appeals decision in matter of López Mesa, which held that the Arizona statute 28-697-A1 is a crime involving moral turpitude. The decision in López Mesa is unreasonable because the Board did not apply the correct definition of a crime involving moral turpitude. It improperly based its decision on the potentially injurious effects of DUI driving rather than an evaluation of the statute and the elements of the statute. Furthermore, the Board's decision undermines the public policy inherent in the Immigration and Nationality Act that prescribes such a broad reading of a crime involving moral turpitude into the Arizona statute. The Immigration and Nationality Act doesn't define a crime involving moral turpitude. So we do have to look to judicial and administrative construction. But a key element to this ---- Does that also mean it's a matter as to which we should give deference to the agency's interpretation? Generally, that's the case, Your Honor. However, in a case like this where the Board's interpretation is not reasonable, this Court does not need to give that type of chevron deference to the Board's decision. Here, where the Court failed to look at the basic definitions of what a crime involving moral turpitude is, the two basic ones, based, vile, depraved conduct, contrary to accepted and contrary to accepted rules of morality, or evil and malicious intent. Neither of those two very standard definitions of what a crime involving moral turpitude are involved in this Arizona statute. Essentially, the Board tried to take two different statutory provisions, the driving on a suspended license, essentially, a traffic offense which only has an element of knowing that the license was suspended, with essentially the DUI statute that has no intent requirement. So neither of them really have ---- neither of them do have any crime involving moral turpitude basis. Tried to meld the two into an offense to claim that it has a crime involving moral turpitude. And underlying that reasoning, presumably, was the ---- and as their opinion went into great detail, was the potential harm of a DUI accident. But all of the case law, both in the Ninth Circuit and before the ---- and before the Board, says clearly one must look at the statute. And admittedly, a DUI could be potentially harmful, but it's a flawed approach. Instead of looking at the effect of the crime, the Board needed to have looked at the elements of the commission of the crime. And it appears that what the Board was doing there was doing the same thing they did in their Magallanes decision, where they were looking at whether the same statute where there was a one-year sentence was an aggravated felony. And again, they looked at what are the effects or the deleterious effects of DUI crimes instead of looking at ---- Board said this, as you know, in the Lopez-Mesa, right toward the end of that. However, when the crime is committed by an individual who knows that he or she is prohibited from driving, the offense becomes such a deviance from the accepted rules of contemporary morality that it amounts to a crime involving moral turpitude. Now, I guess the question is, one, is that an acceptable definition of moral turpitude? And two, if it's within some broad range of the meaning of that term, why isn't it a deference, even though you or I might have a different, you know, a different idea of moral turpitude? I think that that deference isn't appropriate in this case because the classic definitions of what a crime involving moral turpitude are, such as the evil or malicious intent. When you say the classic, you mean the accepted common law definition? That's correct, Your Honor. Fraud, for example, is a classic type of crime involving moral turpitude. Offenses such as theft or burglary. Well, the Board does, I think, in that case, admit it's, you know, this is a borderline case, right? But you're saying we can't ever change the old definition, right? I mean, it's static. No, I don't think I am saying that. I'm saying that this is a regulatory crime, and regulatory crimes have generally never been considered crimes involving moral turpitude. This is an offense which is a statute that simply licenses or regulates. It imposes criminal liability without regard to evil intent, and that's exactly what we have here. Despite the fact that one may have knowledge that their driver's license is suspended, putting that together with the DUI offense, which has no, it's basically a strict liability crime, melding the two together to turn it into a crime involving moral turpitude just isn't reasonable here. Title 28 of the Arizona Motor Vehicle Code are rules that are passed by the Arizona legislature for the general health and safety of the community. Mere knowledge of that administrative directive doesn't remove Arizona's aggravated DUI statute from being a regulatory offense, and not one involving moral turpitude. The other issue that I think is important in this case is the public policy behind why Lopez Mesa should be overturned. The concept of crime involving moral turpitude does have deep roots in the law. As early as 1891 in immigration law, the term crime involving moral turpitude was used to exclude people who were not as a result of somebody being convicted of a crime involving moral turpitude. Grounds of inadmissibility if one is convicted of a crime involving moral turpitude. Deportability, ineligibility for relief, such as cancellation of a removal in the case of my client, who is not a lawful permanent resident, voluntary departure. And in fact, even for permanent residents, ineligibility for naturalization, because the person by statute is not considered to be a person of good moral character. So essentially, if Congress had wanted to say that all crimes were something that you could be deported for or be considered inadmissible for, they could have done that. They didn't do that. They said it had to be a crime involving moral turpitude. This statute just doesn't rise to that level. All right. You've got just under two minutes. You want to reserve it? I reserve that time. Thank you. May it please the Court. My name is Anne Tumai. I represent the United States. The dispositive issue in this case actually, as Judge Tashima has indicated, is whether or not it was reasonable for the Board to determine that an aggravated DUI conviction by a repeat criminal offender, such as petitioner, constitutes a crime of moral turpitude. When one considers the proven serious threat of death, injury, and damage to property and lives, and the fact that the conviction requires a culpable mental state, the answer can only be yes. The Board's decision is reasonable. What's the culpable mental state here? Just the knowledge of the suspension? Yes, Your Honor. I just was wondering whether there's evidence in the record of knowledge or whether knowledge was presumed in this record. Your Honor, the statute requires that there be knowledge, and the knowledge requirement can be stated in the Arizona statute. Yes, Your Honor. Under the case law that is cited, the Arizona courts have interpreted the statute as requiring a culpable mental state of knowledge. The evidence in the record indicates that the petitioner has had a track record of DUI offenses, both convictions and arrests, as well as driving with suspended licenses. But the Board's decision is reasonable in that it is not only consistent with other case law, but this Court's decisions and analysis in Gregita and Guerrero de No Dao. The first thing that the Court needs to bear in mind is the appropriate standard of review, that being that in the Board's interpretation of its own statute, substantial deference must be accorded as long as the decision is reasonable. Let me tell you what seems to me to be your problem. According to the United States Supreme Court, we look to the statute under which the alien was convicted. Yes, Your Honor. And then we decide whether it's divisible. Now, it seems to me this is a divisible statute. Do you agree or not? Well, you can say yes or no. In terms of this particular statute, there are subparts, and to the extent that there are different subparts, it would be divisible, yes. And one of the things you could be convicted of was being in actual physical control of a car, could you not? That's unauthorized, yes, Your Honor. What's that? You would be in actual control. Driving or actual physical control while under the influence. Yes, Your Honor. You could be sitting in your driveway drunk. That could be a possibility. I had not considered that. That's the range of conduct covered. Yes, Your Honor. So how can we say that that is a crime of moral turpitude? Your Honor, it would be a crime of moral turpitude when one can – the fact is one has to – Answer that question. You're sitting in your driveway drunk. Yes, Your Honor. And you're slumped over your car, but you've got your hands on the steering wheel. Why is that a crime of moral turpitude? Your Honor, it's an aggravated driving under the influence. You're not driving. You're sitting there in your car with your hands on the steering wheel, but you're not driving it. Where you have actual physical control. You would – in order to have – You have actual physical control. over a vehicle, however, you would need to be doing something other than just simply sitting in the car. Why? Why are your hands on the wheel? Your Honor, in order to exercise control over a vehicle, one actually has to – the function of exercise of control over a vehicle requires more than merely sitting. A passenger would not be convicted under this statute. Is there an Arizona law to that effect? Your Honor, I do not have authority, but – We're trying to interpret an Arizona statute. Yes, Your Honor. We have authority. We can look at the words of the statute and what they would mean to any reasonable person. Yes, Your Honor. And I don't know that – you've got a theory on it, but I don't know that it's very persuasive. And once you take it that far, that actual physical control means sitting in the car, and you've got the key, and you've got the hands on the wheel. Well, suppose – There's no moral turpitude in that. Well, suppose you even have the engine on, and you have the gear shift in neutral. Well, doesn't Torres Varela decide that situation? Torres Varela said that straight – a third DUI, a straight DUI conviction is not a crime of moral turpitude, and relied on matter of short to say you can't take one crime that is not a matter of moral turpitude, put it together with another crime that's not a matter of moral turpitude, and voila, you've got moral turpitude. Doesn't the logic of that apply equally to the situation where neither of these crimes independently is a crime of moral turpitude? Yes, Your Honor. What Judge Noonan has indicated is that – I'm asking you – I'm asking you an entirely separate question. Okay. About Torres Varela. Yes. And whether it's logic which holds that the situation that Judge Noonan is describing is not a crime of moral turpitude. Your Honor. Now, you know that, right? You cited that case in your brief. As long as it's a simple DUI without any other aggravating circumstance, it is not a crime of moral turpitude. Right. It's merely a marginal offense, yes. And the rationale of that is matter of short, where it says you can't take two crimes that independently are not moral turpitude and create a crime of moral turpitude. Why doesn't that logic apply equally to this case? Your Honor, the circumstances are different. It is also – like when you mix two different ingredients in an entree, for example, the taste and the flavor of it change when you combine the two. What the Court has done is – No, Your Honor. That is where it's not a matter – because in Torres Varela, they looked to see if there were any aggravating circumstances and they stated that where it's merely the same offense and it's a matter of quantity, not quality, that is a different circumstance. What the Court – this Court has done in Guerrero de Nodal and in Gurguita and what other courts have done is to take a look at what – and if there are any aggravating circumstances which push a marginal offense into the categories of crimes of moral turpitude. Indeed, when we deal with simple assault, generally simple assault is not a crime of moral turpitude. However, if it involves spousal abuse or if it involves child abuse or if it involves any kind of aggravating element, it can make what would normally not be a crime of moral turpitude one that is, one that deviates from what the community is willing to accept. And what's the aggravating element here? The aggravating element is the fact that they knew that they should – Mr. Hernandez-Martinez knew that he should not be driving under any circumstances. And the fact that it was an aggravated DUI indicates that he was driving with a suspended license, meaning that he was driving, not just have – Well, you know, your argument has a good deal of common sense, but we're condemned to follow the categorical approach. We're condemned to see whether the statute covers the full range of conduct that might involve moral turpitude. And as far as I can see, it doesn't – moral turpitude is not involved with sitting in your car in a driveway and controlling. And that's part of the crime under the statute. So we don't look at the facts. We don't look at his past record. We might have a different kind of jurisprudence. We don't have that. Supreme Court and our Court has given us the rules we have. So while your words are abstractly rather than commonsensical, they just don't carry the day. You don't see that. Your Honor, actually, I respectfully disagree. But where do you disagree? I disagree in that I believe that my application is not abstract, rather the government's application is a common sense application. You agree the statute is divisible, right? Yes, Your Honor. And you agree it covers sitting in your car, in control of the car, but not driving it? Your Honor, I believe that differs because in the context of what Your Honor is stating, that would suggest that a passenger – I mean, a passenger would. No, you're in the car. It says there's actually no control. You're in the car. You're not driving. Yes, Your Honor. He means in the driver's seat, right? Yes, Your Honor. In the driver's seat. You've got the engine on. In any event – Is something based off of that, sitting in the car? Yes, Your Honor. To the extent that it becomes based in its intrinsic nature – Intrinsic nature? Well, that is what the court has done in its previous cases. What's the intrinsic nature of sitting in the car? Intrinsic nature of an aggravated DUI offense. Whether it's exercising control or if it is actual driving a vehicle. What's the intrinsic nature of that? Your Honor, it would be intrinsic in nature because the community – and this is one thing that's critical in analyzing a crime of moral turpitude. What? One thing that is critical in analyzing a crime of moral turpitude is the fact that it is a social construction dictated by the society's current standards. Contemporary standards state that driving while under the influence threatens lives. It is a serious danger. It is a serious risk. Is that right? Is that contemporary standards? Your Honor, as long as you're sitting in the car exercising control over the vehicle. But the fact that you're doing that alone does not make it a crime of moral turpitude. It is a combination of both the fact that there is such a danger to the community. This Court has said that where there's crimes against the person and where it is a serious offense, if it's combined with aggravating elements, then it is a crime of moral turpitude. And the Board was correct and reasonable in deciding and applying that analysis in this case and Lopez Mesa. The Court should therefore dismiss this case for lack of jurisdiction. All right. I think we understand the Government's position here. Thank you. That's my rebuttal. Just a few points. Unfortunately, I don't have a site to the case, but there is Arizona case law that states that if a key is in the ignition of a vehicle, it can be actionable physical control. The other point I would just like to make is that I think the Government is confusing the issue of the aggravating elements and the intrinsic natures. Spousal abuse, rape, statutory rape, those all go to the issue of is this a base, morally reprehensible type of crime. And that's sort of a different species of crime involving moral turpitude than looking at, say, a fraud element. But it's not that there's an aggravating element here of just the knowing aspect of driving on a suspended license. Contemporary standards have to be looked at in connection with the element of the statute, which talks about intent. For those reasons, because we don't have the basic underlying crime involving moral turpitude here for either the driving under a suspended license or for the DUI, this case should be, the Board's decision in Lopez Mesa should be overturned. Are there any other questions? Nope. All right, Ms. Flanagan, thank you. Ms. Mai, thank you. This case is submitted for decision.
judges: Noonan, Tashima, Wardlaw